```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
GARDEN CITY BOXING CLUB, INC.,

                    Plaintiff,            **DECISION**
        - v -
                                          CV-05-3680 (NGG)(VVP)
TEODORO RODRIGUEZ,

                    Defendant.
----------------------------------------------------------------x
```

POHORELSKY, Magistrate Judge

The defendant in this action seeks the appointment of pro bono counsel. United States District Judge Garaufis has referred the matter to me for decision pursuant to 28 U.S.C. § 636(b)(1)(A).

Under Rule 2(C) of the Procedures Governing Appointment of Attorneys in Pro Se Civil Actions in this district, the following factors are to be considered in determining motions for the appointment of pro bono counsel:

> (i) the nature and complexity of the action;
>
> (ii) the potential merit of the claims as set forth in the pleadings;
>
> (iii) the inability of the pro se party to retain counsel by other means;
>
> (iv) the degree to which the interests of justice will be served by appointment of counsel, including the benefit the Court may derive from the assistance of the appointed counsel; and,
>
> (v) any other factors deemed appropriate by the Judge.

These factors are substantially the same as those identified by the Second Circuit in *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989), where the court emphasized that the threshold inquiry is "whether the indigent's position was likely to be one of substance." *Id.* (quoting *Hodge*

*v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). The remaining criteria come into play only after that inquiry has been satisfied.

A review of the defendant's application under the above factors gives the court some pause. In particular the court is troubled by the defendant's claim of indigency, and the truthfulness of his assertion that he earns but $800 per month, in view of the fact that he also indicates that he is a home owner with a $750,000 mortgage on which he is making monthly payments of $3,855. These discrepancies prevent the court from approving the application on the present record. At the next conference in this matter, which is scheduled for **March 17, 2006 at 11:00 a.m.**, the court will question the defendant under oath about these matters to determine whether the application should be granted.

**SO ORDERED:**

*Viktor V. Pohorelsky*

VIKTOR V. POHORELSKY
United States Magistrate Judge

Dated:        Brooklyn, New York
                February 17, 2006